# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID B. FULLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:06-cv-1322-WMA-TMP |
| | ) |
| COI JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 11, 2008, recommending that the defendants' motions for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on July 2, 2008. (Doc. 42.)

In his objections, the plaintiff reiterates his claim that the defendant nurses were deliberately indifferent to his serious medical needs when they failed to give him a bandage for his knee and eye drops on June 9, 2006. He also contends his Fourteenth Amendment right to due process was violated when Defendant Jones gave him a "bogus disciplinary" and he was sentenced to 45 days disciplinary segregation. (Doc. 42 at 4.)

The plaintiff does not dispute that Nurse Wyatt gave him an elastic knee brace on the morning of June 9, 2006, and the plaintiff's course of treatment with eye drops had ended. Neither does the plaintiff dispute that Defendant Kesler examined the plaintiff's eye on June 9, 2006, and it appeared as though he merely stuck his finger in his eye but it was otherwise clear and did not merit treatment. There is no evidence that the defendant nurses knew the plaintiff suffered from an

eye condition and intentionally failed to provide medical care to the plaintiff.[1] The undisputed evidence merely shows that the plaintiff disagreed with the nurses' diagnosis and course of treatment. However, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Therefore, Defendant Wyatt, Kesler, and Jacoby's motion for summary judgment as to the plaintiff's Eighth Amendment medical care claims against them is due be granted. Additionally, the plaintiff's undisputed failure to exhaust his administrative remedies through PHS's grievance procedure also necessitates the dismissal of his medical care claims pursuant to 42 U.S.C. § 1997(e).

The plaintiff next claims he was issued a "bogus disciplinary" by Officer Jones, and wrongfully sentenced to 45 days disciplinary segregation for making false statements. Prison inmates have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As such, the plaintiff's claim that Defendant Jones wrongfully accused Defendant Jones of making false statements does not state a constitutional claim.

To the extent that plaintiff alleges he was deprived of procedural due process of law, Officer Jones was the charging officer, and not responsible for the procedures used to resolve the

---

[1] The plaintiff states in his objections, "What transpired that day was that the named defendants were so enwrapped in some 'hanky panky' that they failed to treat Fuller in accordance to the supervising doctor's plan." (Doc. 42 at 2.) The plaintiff's assertion does not state a claim for deliberate indifference but, rather, negligence. Negligence, however, is insufficient to support a constitutional claim. *Fielder v. Brossard*, 490 F.2d 105 (5th Cir. 1979); *see also Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980)(holding that an accidental or inadvertent failure to provide medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a wrong under the Eighth Amendment).

disciplinary charge made by him. *Cf. Smith v Mosley*, ___ F.3d ___ (11th Cir. No. 06-12119, July 3, 2008) (describing the respective roles of corrections officers in an Alabama prison disciplinary procedure). Whether the disciplinary processes used to find him guilty of the infraction complied with the requirements of the due process clause was the responsibility of someone else, not Officer Jones, the only defendant named with respect to this theory. Officer Jones simply is not liable on this claim.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motions for summary judgment are due to be granted and this action is due to be dismissed with prejudice. A Final Judgment will be entered.

DONE this the 31st day of July, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE